NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JONATHAN TRONCOSO RIOS,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.   19-72176

Agency No. A202-063-775

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2023[**]
Phoenix, Arizona

Before: HAWKINS, GRABER, and CHRISTEN, Circuit Judges.

Jonathan Troncoso Rios, a native and citizen of Mexico, seeks review of the

Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's

("IJ") order denying his applications for withholding of removal and protection

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Troncoso Rios seeks withholding of removal on account of his membership in two particular social groups ("PSG"): (1) nuclear family members; and (2) witnesses in police investigations into organized crime homicides in Mexico.[1] We conclude that substantial evidence supports the agency's determination that Troncoso Rios is not eligible for withholding of removal under either category.

Troncoso Rios first contends he has a well-founded fear of persecution in Mexico on account of his familial membership. The BIA rejected this claim, reasoning that, although family is "the quintessential particular social group," *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015), Troncoso Rios did not establish a sufficient nexus between the harm alleged and membership in that social group, *see Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018) (stating standard). Substantial evidence supports the BIA's nexus determination. Troncoso Rios's father, a business owner in Mexico, was extorted and threats were made to his family

---

[1] Troncoso Rios initially sought withholding of removal on account of his membership in two additional PSGs. Because he abandons those two categories on appeal, we do not address them. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (arguments not raised in the opening brief are waived).

2

members if he refused to pay. However, Troncoso Rios provided no evidence that the extortion or threats occurred on account of familial membership.[2]

Second, substantial evidence likewise supports the BIA's determination that Troncoso Rios's proposed PSG "witnesses in police investigations" is not cognizable. The PSG is neither socially distinct nor sufficiently particular. *See Reyes v. Lynch*, 842 F.3d 1125, 1135–36 (9th Cir. 2016) (stating standard). Troncoso Rios testified that he found several of his friends murdered at a house party on March 14, 2011. He provided a statement to the police regarding the event, but this statement was not on file at the police station, and he never testified in court against the criminals responsible. There is no evidence that the criminals targeted Troncoso Rios on account of his statement to the police. *Cf. Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091–92 (9th Cir. 2013) (en banc) (witnesses who testify publicly in a criminal trial against gang members may constitute a PSG because their social visibility as a group opposed to gangs is apparent); *Matter of H-L-S-A-*, 28 I. & N. Dec. 228, 237 (BIA 2021) (witnesses who cooperate with law enforcement may establish a PSG "particularly where testimony was given in public court proceedings").

---

[2] Even assuming that nexus to a cognizable protected ground existed, the BIA reasonably determined Troncoso Rios could safely relocate within Mexico to avoid future harm. Troncoso Rios failed to challenge the BIA's relocation finding in his opening brief, and we deem the issue waived. *See Martinez-Serrano*, 94 F.3d at 1259–60.

3

Finally, in his pursuit of CAT protection Troncoso Rios failed to demonstrate that he would more likely than not be tortured with the consent or acquiescence of the Mexican government. 8 C.F.R. §§ 1208.16(c)(2), 1208.18; *see Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). The BIA's finding that Troncoso Rios failed to demonstrate an individualized risk of torture if returned to Mexico is supported by substantial evidence. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (stating standard).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**